# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2414

_____

United States of America,  *
                       *
       Appellee,  *
                       * Appeal from the United States
                       *
    v.  * District Court for the
                       * Northern District of Iowa
Shawn Allen Hungate,  *
                       * [UNPUBLISHED]
       Appellant.  *

_____

Submitted:       December 9, 1997

Filed:       December 24, 1997

_____

Before McMILLIAN, MAGILL and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Defendant Shawn Allen Hungate appeals from a final judgment entered in the United States District Court[1] for the Northern District of Iowa sentencing him to 94 months imprisonment, three years supervised release, and special assessments totaling

_____

[1]The Honorable Mark W. Bennett, District Judge, United States District Court for the Northern District of Iowa.

$150, upon a guilty plea to one count of unlawful possession of firearm, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2), and two counts of mailing threatening communications, in violation of 18 U.S.C. § 876. Defendant has a history of physically abusing his ex-wife and child, including assaults on his ex-wife during her pregnancy. In February of 1995, a state court magistrate judge ordered defendant to refrain from any contact with his ex-wife and child, including contact by mail or telephone. Defendant was also then prohibited from possessing or receiving a firearm. Thereafter, defendant, on one occasion, unlawfully purchased and possessed a firearm which he then used to shoot himself in the shoulder prior to entering his ex-wife's place of work and, on two separate occasions, wrote one letter addressed to his 14-month-old daughter threatening to harm or kill her upon being released from jail, and wrote another letter to his ex-wife's sister, threatening to harm or kill his ex-wife and his daughter, among others.

For reversal, defendant argues that the district court erred in: (1) applying the specific offense characteristic in U.S.S.G. § 2A6.1(b) because his § 876 offenses involved conduct evidencing an intent to carry out his threats; (2) failing to group his offenses together for purposes of the multi-count rules in U.S.S.G. § 3D1.1; and (3) departing upward by 21 months pursuant to U.S.S.G. § 5K2.0 on the ground that the

guidelines fail to adequately take into consideration the danger he poses to his ex-wife and child.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291.

Upon careful review of the briefs on appeal and the record in this case, including the sentencing transcript, we hold that the relevant factual findings of the district court are not clearly erroneous, that no errors of law have occurred, and that further discussion is unnecessary. Accordingly, the judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.